Filed 12/23/25  P. v. Parker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>GAVIN CHRISTOPHER PARKER,<br><br>      Defendant and Appellant. | C102344<br><br>(Super. Ct. Nos. 24CR000268,<br>     24CR001210) |

Appointed counsel for defendant Gavin Christopher Parker filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues on appeal and asking this court to independently review the record.  Upon review of the record, we ordered the parties to file supplemental briefs addressing whether the trial court's imposition of two $600 restitution fines reflected a misunderstanding of the minimum fine provided under

1

Penal Code section 1202.4, subdivision (b)(1).[1]  Both parties filed supplemental briefs and agreed that this court should modify the judgments to give effect to the trial court's intention to impose the minimum fine, which is $300.  We agree as well and will modify the judgments to impose a $300 restitution fine and a corresponding $300 suspended parole revocation restitution fine in each of the two cases before us.  We will affirm the judgments as modified.

## BACKGROUND

A complaint filed in case No. 24CR000268 (the criminal threats case) charged Parker with inflicting corporal injury on a person with whom he was in a dating relationship (§ 273.5, subd. (a); count I), criminal threats (§ 422, subd. (a); count II), kidnapping (§ 207, subd. (a); count III), possession of a firearm by a felon (§ 29800, subd. (a)(1); count IV), unlawful possession of ammunition (§ 30305, subd. (a)(1); count V), and false imprisonment (§ 236; count VI).   The complaint was later amended to include an allegation as to counts I-V that Parker had suffered a prior strike conviction for criminal threats in 2019 (§§ 422, subd. (a), 667, subds. (b)-(i), 1170.12).  The amended complaint also alleged as to counts II and III that Parker had suffered a prior serious felony conviction (§ 667, subd. (a)(1)).

A complaint filed in case No. 24CR001210 (the reckless driving case) charged Parker with fleeing a peace officer while driving recklessly (Veh. Code, § 2800.2, subd. (a); count I), bringing contraband into jail (§ 4573, subd. (a); count II), and possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a); count III). The complaint was later amended to include an allegation as to counts I and II that Parker had suffered a prior strike for criminal threats in 2019 (§§ 422, subd. (a), 667, subds. (b)-(i), 1170.12).

---

[1]  Undesignated statutory references are to the Penal Code.

Following a consolidated preliminary hearing, Parker was held to answer on all counts and enhancing allegations in both cases. On July 25, 2024, the People filed an information in both cases that reflected these charges and allegations.

On August 27, 2024, Parker pleaded guilty to count II in the criminal threats case and admitted the prior strike. In the reckless driving case, he pleaded guilty to counts I and II and admitted the prior strike. In exchange, the remaining counts and allegations were dismissed. The parties stipulated that the factual basis for the plea would be taken from the preliminary hearing transcript.

Parker filed a motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 asking the trial court to exercise its discretion to strike his prior strike conviction, and if granted, for suspension of sentence and probation. The People opposed the request.

On October 22, 2024, the trial court imposed an aggregate prison sentence of five years four months, consisting of: the middle term, doubled to four years, for count II in the criminal threats case; one-third the middle term, doubled to one year four months, for count I in the reckless driving case; and a three-year concurrent term for count II in the reckless driving case. To impose this term concurrently, the court struck the prior strike allegation as to count II in the reckless driving case, after otherwise denying Parker's *Romero* motion. The court imposed the mandatory minimum fees in both cases. The court also imposed a $600 restitution fine (§ 1202.4, subd. (b)) and a corresponding, suspended $600 parole revocation restitution fine (§ 1202.45) in each case, reasoning that "the minimum is $600."

Parker timely appealed and did not request a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable

3

issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Parker was advised by counsel of his right to file a supplemental brief within 30 days of the filing of the opening brief; Parker did not file such a brief.

Following our review of the record, we directed the parties to file supplemental briefs addressing whether the trial court's imposition of a $600 restitution fine and corresponding $600 suspended parole revocation fine in each case reflected a misunderstanding of law concerning the statutory minimum restitution fine authorized by section 1202.4, subdivision (b)(1).  That provision states:  "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record.  [¶]  The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense.  If the person is convicted of a felony, the fine shall not be less than three hundred dollars ($300) and not more than ten thousand dollars ($10,000)."  (§ 1202.4, subd. (b)(1).)  Our supplemental briefing order further asked, "[i]f the trial court misunderstood the law concerning the statutory minimum restitution fine, should this court amend the judgment to reduce the restitution fines imposed in both cases (case Nos. 24CR000268 and 24CR001210) from $600 to the statutory minimum of $300 or should this court reverse the restitution fines and remand the matter for the trial court to exercise its informed discretion to select the appropriate restitution fines (Pen. Code, §§ 1202.4, subd. (b)(1), 1202.45)?"

Parker filed a supplemental brief arguing that the trial court intended to impose the minimum fines and that this court should modify the judgment to reflect that determination.  The People agree, as do we.  The minimum restitution fine in a felony case is $300.  (§ 1202.4, subd. (b)(1).)  When a defendant's sentence "includes a period of parole," the trial court must assess "an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."  (§ 1202.45, subd. (a).)  Here, the record makes clear that the trial court intended to impose the

4

statutory minimum fine.  We therefore modify the judgments to impose a $300 restitution fine with a matching, suspended parole revocation restitution fine in each case.

We find no other arguable error favorable to Parker.

## DISPOSITION

The judgment in case No. 24CR000268 is modified to reflect a $300 restitution fine (§ 1202.4, subd. (b)(1)) and a matching, suspended $300 parole revocation restitution fine (§ 1202.45).  The judgment in case No. 24CR001210 is modified to reflect a $300 restitution fine (§ 1202.4, subd. (b)(1)) and a matching, suspended $300 parole revocation restitution fine (§ 1202.45).  The trial court is directed to prepare an amended minute order following sentencing and an amended abstract of judgment reflecting these amounts.  A certified copy of the amended abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation.  The judgments are otherwise affirmed.


_____/s/_____
FEINBERG, J.



We concur:



_____/s/_____
RENNER, Acting P. J.



_____/s/_____
KRAUSE, J.



5